IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WALTINA F. COLE,     )<br>                             )<br>    Plaintiff,              )<br>                             )<br>v.                          )<br>                             )<br>STATE OF NORTH CAROLINA,     )<br>ARTHUR H. SUMMEY, individually )<br>and in his official capacity,   )<br>TOWN OF CHAPEL HILL,         )<br>POLICE OFFICER M. THOMAS 6456, )<br>                             )<br>    Defendants.           )<br>_____) | 1:04CV00969 |

MEMORANDUM OPINION

TILLEY, Chief Judge

Pro Se Plaintiff Waltina Cole filed this case in Orange County Superior Court on September 23, 2004. Defendants Town of Chapel Hill and Officer Thomas removed to federal court on the basis of federal question jurisdiction.[1] Defendants Town of Chapel Hill and Officer Thomas now move to dismiss Ms. Cole's suit arising out of her September 2002 arrest, asserting that her claims are precluded under the doctrine of res judicata and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Motion to Dismiss by Defendants Town of Chapel Hill and Officer Thomas [Doc. #5] will be

---

[1] The State of North Carolina and Magistrate Summey did not join in the removal of this case, but they apparently were never properly served when the case was filed in Orange County. (See Notice of Removal to Fed. Ct. ¶ 4.)

GRANTED.

I.

The facts of this case as stated in the complaint are as follows: Sometime during or prior to September of 2002, a Raymond Smith, Jr., obtained a domestic violence protective order against Ms. Cole. Mr. Smith later obtained a warrant for Ms. Cole's arrest for violating that order. Ms. Cole had not been served with the order and first learned of the warrant on September 17, 2002, after a call to the police department to inquire why police officers had been asking for her at her apartment complex. Ms. Cole went that day to the Crisis Unit of the Chapel Hill Police Department to turn herself in.

At the Chapel Hill Police Department, Ms. Cole appeared before Magistrate Arthur Summey and informed him that she had not been served with the order. Magistrate Summey did not believe Ms. Cole and said, "If what you say is true, tell it to the Judge, maybe he would [sic] believe you, and I hope they lock you up for forty-eight hours." (Compl. ¶ 6.) Ms. Cole was apparently charged with violating the order. Officer Thomas then placed her in handcuffs and transported her to the Orange County Jail.

Later that same day, Ms. Cole appeared before Orange County District Court Judge Charles Anderson, who asked her if she had been served with the protective order. She told him that she had not been, and she was returned to the holding cell. About twenty minutes later, a sheriff's deputy read the domestic violence

2

protective order to Ms. Cole and asked if she had any questions.  She then went before Judge Anderson again, and the charges were dismissed.  Ms. Cole was released from custody and returned home.

Upon returning to her apartment complex, a neighbor informed Ms. Cole that Mr. Smith had been seen at Ms. Cole's residence.  Ms. Cole and the neighbor returned to the police station and again went before Magistrate Summey, this time to file a criminal trespass charge against Mr. Smith.  According to Ms. Cole, Magistrate Summey told her, "Get out of my office before I put you back in jail." (Compl. ¶13.)  She and the neighbor left without filing any charges.

Ms. Cole, acting pro se, first filed suit in Orange County Superior Court on January 30, 2004, against Magistrate Arthur Summey and the Town of Chapel Hill, claiming that her due process rights were violated on September 17, 2002.  The complaint in that case stated: "According to the Constitution of the United States of America, I should never have been charged since I was never served before I was arrested.  The town of Chapel Hill and Magistrate Arthur Summey violated my Constitutional Rights of Due Process and my Civil Liberty." (Jan. 2004 Compl.)  Defendants Magistrate Summey and Town of Chapel Hill removed the case to federal court and each moved to dismiss.  Ms. Cole did not respond to the motions to dismiss.  By a judgment issued August 3, 2004, this Court granted the defendants' motions and dismissed the case in its entirety.  Cole v. Summey, 329 F. Supp. 2d 591 (M.D.N.C. 2004).
3

Ms. Cole, again acting pro se, filed another suit in Orange County Superior Court on September 23, 2004, and again alleged that her rights were violated during the events of September 17, 2002. In this second suit, now before the Court, Ms. Cole named as defendants the State of North Carolina and "Police Officer M. Thomas 6456" in addition to the Town of Chapel Hill and "Arthur H. Summey, individually[2] and in his official capacity." Ms. Cole claims that her "civil liberties" were violated and that she was deprived of "equal protection of her rights under [sic] N.C. Constitution as it relates to [sic] N.C. General Statute of unlawful arrest, state tort claim false arrest and common law tort false imprisonment." (Compl. ¶ 18.) Ms. Cole asks for compensatory and punitive damages of $100,000 to be awarded against Magistrate Summey in his individual capacity "for gross negligence and willful and malicious misconduct" and for "compensation under 42 U.S.C. [§] 1983 for deprivation of Equal Protection of Rights." (Compl.)

II.

Where, as here, a response to a motion is not timely filed,[3] Local Rule 7.3(k) allows the Court to consider and decide the motion as uncontested, and to grant it

---

[2] Although Magistrate Summey was sued only in his official capacity in the first suit, the fact that he is named as a defendant in his individual capacity in the second suit does not affect the Court's res judicata analysis, as he was not properly served in either capacity in this case and is therefore not a party before this Court.

[3] As in her first case before this Court, despite being sent a letter from the Clerk Ms. Cole did not respond to Defendants' motion to dismiss.

without further notice.  However, as noted in the opinion in Ms. Cole's first case, because she is a pro se plaintiff, the merits of Defendants' motion will be addressed.  See Boag v. MacDougall, 454 U.S. 364, 365 (1982) (noting the federal courts must construe a pro se plaintiff's pleadings liberally).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).  The "well-pleaded allegations" in the complaint must be accepted as true, and inferences from those facts must be made in plaintiff's favor.  Id.  The plaintiff bears the burden "to set forth facts sufficient to allege each element of his claim." Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).  On the other hand, "[u]nder the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to *infer* that all the required elements of the cause of action are present." Wolman v. Tose, 467 F.2d 29, 33 n.5 (4th Cir.1972).  When a 12(b)(6) motion is testing the sufficiency of a civil rights complaint, the motion may not be granted "unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." Edwards, 178 F.3d at 244 (quoting Harrison v. United States Postal Serv., 840 F.2d 1149, 1152 (4th Cir. 1988)).  Therefore, while Ms. Cole's complaint need not set out facts sufficient to prove her case as an evidentiary matter, it must allege facts that

5

support a claim for relief. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

The Fourth Circuit has allowed assertion of res judicata defenses in motions to dismiss. See Andrews v. Daw, 201 F.3d 521, 524 n.1 (4th Cir. 2000). The doctrine of res judicata, or claim preclusion, prevents parties from relitigating issues that were or could have been raised in a prior action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). The three elements of a res judicata defense are: (1) a final judgment on the merits in the prior suit, (2) identity of the causes of action in the two suits, and (3) identity of parties or their privies in both suits. Andrews, 201 F.3d at 524.

A.

The preclusive effect of a prior decision rendered by a federal court is determined by looking to federal law. Shoup v. Bell & Howell Co., 872 F.2d 1178, 1179 (4th Cir. 1989). Under Federal Rule of Civil Procedure 41(b), a dismissal for anything other than lack of jurisdiction, improper venue, or failure to join a party under Rule 19 operates as a judgment on the merits unless the court specifies otherwise in its order. Fed. R. Civ. P. 41(b).

Defendants assert that Ms. Cole's claims should be dismissed on res judicata grounds. The first requirement, a final judgment on the merits in the prior proceeding, has been met. Ms. Cole's first case, case number 1:04CV00189, was dismissed in its entirety by order of this Court on August 3, 2004. Cole v.

6

Summey, 329 F. Supp. 2d 591 (M.D.N.C. 2004). Such a dismissal is a final judgment. Fed. R. Civ. P. 41(b).

B.

To satisfy the second step of the res judicata analysis, the causes of action in the two cases need not be identical. Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004). Rather, the issue is whether "the suits and the claims asserted therein 'arise out of the same transaction or series of transactions or the same core of operative facts.'" Id. (quoting In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996)).

The second requirement has also been satisfied in this case. While Ms. Cole has filed state law claims in this case that she did not raise in the previous case, all the claims are nevertheless precluded because they arise out of the same "core of operative facts." Pueschel v. United States, 369 F.3d 345, 355 (4th Cir. 2004).

C.

The third prong has the effect of applying res judicata not only to the parties who were actually part of the prior suit, but also to those who are in privity with the parties in the prior suit. In order to be in privity, one must be "so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved." Nash County Bd. of Educ. v. Biltmore Co., 640 F.2d 484, 493 (4th Cir. 1981). When a government official is sued in his official capacity, "the real party in interest" is the government entity

that employs him: "Official-capacity suits. . . generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (internal quotations omitted). Therefore, a government official sued in his official capacity represents the same legal right as and is in privity with the government entity that employs him. Ashton v. City of Concord, 337 F. Supp. 2d 735, 741 (M.D.N.C. 2004); Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). However, under the rule of differing capacities, a government official sued in his individual capacity is not in privity with himself in his official capacity. Andrews, 201 F.3d at 526; see also Pension Benefit Guar. Corp. v. Beverley, No. 04-1371, 2005 U.S. App. LEXIS 5948, at *15 (4th Cir. April 12, 2005). An official sued in his individual capacity would therefore not be in privity with the government entity.

Federal Rule of Civil Procedure 9(a) states that, except to the extent required to establish the jurisdiction of the court, a plaintiff need not specify in the pleadings in what capacity a person is being sued. Fed. R. Civ. P. 9(a). The Fourth Circuit has addressed the issue of unspecified capacity in the context of § 1983 suits and held that a litigant need not expressly plead that a defendant is being sued in his individual, rather than his official, capacity: "Instead, a court must look to the substance of the complaint, the relief sought, and the course of the proceedings to determine the nature of a plaintiff's claims." Biggs v. Meadows, 66 F.3d 56, 58 (4th Cir. 1995). Among the factors a court may look to are: (1) whether the

8

plaintiff has mentioned the existence of a governmental policy or custom prohibiting or allowing the defendant's behavior; (2) whether the plaintiff requested compensatory and/or punitive damages, which are unavailable in official capacity suits; and (3) what sort of defenses were raised by the opposing party (for example, qualified immunity, which would indicate the defendant interpreted the claim as an individual capacity action.) Id. at 61. "Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." Id.

In this case, Ms. Cole has named "Police Officer M. Thomas 6456" as a defendant. Officer Thomas was not a defendant in the first case. However, if he is being sued in his official capacity, then he would be in privity with a defendant in the first case, his employer the Town of Chapel Hill ("the Town"), and the third requirement would be satisfied. If, however, Officer Thomas is being sued in his individual capacity, then he is not in privity with the Town. If that is the case, the parties and their privies are not identical, and res judicata would not bar the claims against Officer Thomas in his individual capacity. It must therefore be determined in what capacity, or capacities, Officer Thomas is being sued.

As noted supra, a court may look to the "substance of the complaint" as evidence of the intent of the plaintiff to determine in what capacity a defendant has been sued. Biggs, 66 F.3d at 58. The pleadings in this case do not support a finding that Ms. Cole intended to sue Officer Thomas in his individual capacity. On

9

the issue of damages, which are mentioned in Biggs as a factor indicative of intent, Ms. Cole asked for compensatory and punitive damages only against Magistrate Summey, not against Officer Thomas. This suggests that Ms. Cole was suing only Magistrate Summey in his individual capacity, because if she had intended to sue Officer Thomas in his individual capacity she would have asked for similar damages against him. There is other evidence in the "substance of the complaint" that Ms. Cole intended to sue Officer Thomas only in his official capacity. She knew that there was a distinction between official and individual capacities, because she specified that she was suing Magistrate Summey in both capacities, but she did not make such a designation for Officer Thomas. She served Officer Thomas only through the Town, which indicates that he was a party to the case only in his official capacity. In contrast, Ms. Cole attempted to serve Magistrate Summey both through the state and at another (presumably residential) address. Therefore, the pleadings suggest that Ms. Cole intended to file suit against Officer Thomas in his official capacity only. They could not be construed as raising a claim against Officer Thomas individually. Because Officer Thomas in his official capacity is in privity with the Town of Chapel Hill, a defendant in the previous suit, there is identity of parties and their privies, and Ms. Cole's claims are barred by res judicata.

III.

For the reasons stated above, Ms. Cole's claims against the Town of Chapel

10

Hill and Officer Thomas are precluded by <u>res judicata</u> and this case must therefore be dismissed in its entirety. Defendants' Motion to Dismiss will be GRANTED.

This the 28th day of April, 2005.

                                                  N. Carlton Tilley, Jr.
                                                 United States District Judge